UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MILLER, No. 12481-424,<br><br>    Petitioner,<br><br>v.<br><br>ERIC WILLIAMS, Warden,<br><br>    Respondent. | Case No. 23-cv-296-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Joseph Miller's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and motion to file an oversized brief (Doc. 1-1). The Court will grant the motion to file the long brief and accepts the 45-page motion and its attached exhibits. The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent Eric Williams is the warden.

The petitioner challenges his sentence on the grounds that, in light of *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), and *Borden v. United States*, 141 S. Ct. 1817 (2021), he was erroneously sentenced as a career offender under United States Sentencing Guideline Manual ("U.S.S.G.") § 4B1.1. He also challenges the sufficiency of the court's explanation of the rational for selecting the sentence it did.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply this rule to other *habeas corpus* cases.

**I.      Background**

In January 2012, Miller was charged in the United States District Court for the Northern District of Indiana with bank robbery by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a).  *See United States v. Miller*, No. 2:12-cr-00010-JTM.  In June 2013, a jury convicted Miller, and on August 1, 2014, he was sentenced to serve 225 months in prison.  In selecting this sentence, the court found under the advisory sentencing guidelines, without objection from Miller, that he was a career offender under U.S.S.G. § 4B1.1 based on a prior Illinois felony conviction for possessing with intent to deliver 15 to 100 grams of a substance containing cocaine, 720 ILCS 570/401(a)(2)(A), and a prior Illinois felony conviction for vehicular hijacking, 720 ILCS 5/18-3.[1]  His career offender status established his total offense level of 32 and his criminal history category of VI where the advisory guideline sentencing range was 210 to 240 months in prison.  The Court sentenced Miller to serve 225 months in prison, within the statutory range of no more than 20 years.

Miller appealed his sentence, and the Court of Appeals for the Seventh Circuit affirmed the district court on July 22, 2015.  *United States v. Miller*, 795 F.3d 619 (7th Cir. 2015).  Miller filed a petition for a writ of *certiorari*, which the United States Supreme Court denied.  *Miller v. United States*, 577 U.S. 1162 (2016).

About a year later, on February 27, 2017, Miller filed a motion under 28 U.S.C. § 2255.  *Miller v. United States*, No. 2:17-cv-00099-JTM.  In that motion, Miller argued his trial and appellate counsel were constitutionally ineffective in a number of ways, including trial counsel's failure to argue that his prior state cocaine conviction did not qualify as a controlled substance offense and his prior vehicular hijacking conviction did not qualify as a crime of violence for career offender purposes.  The district court denied his motion without expressly addressing his career offender arguments.  *United States v.*

---

[1] The exact nature of the convictions is immaterial to the resolution of this petition, which turns on the unavailability of a § 2241 petition to remedy the errors Miller alleges.

*Miller*, No. 2:12-cr-00010-JTM, 2019 WL 5390549 (N.D. Ind. Oct. 21, 2019).  Miller appealed, and the Court of Appeals denied a certificate of appealability.  *Miller v. United States*, No. 19-3462, 2020 WL 9762509 (7th Cir. Sept. 25, 2020).  Miller filed a petition for a writ of *certiorari*, which the United States Supreme Court denied.  *Miller v. United States*, 141 S. Ct. 2872 (2021); *Miller v. United States*, 142 S. Ct. 298 (2021).

Since Miller's conviction, there have been clarifications of the law regarding prior offenses used to enhance sentences.  On June 23, 2016, the United States Supreme Court decided *Mathis v. United States*, 579 U.S. 500 (2016), which clarified when and how the categorical approach should be applied to determine whether prior convictions qualify to support sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  *Mathis* led to other cases clarifying when and how the categorial approach applied to enhance sentences in other circumstances.  *See United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021); *Borden v. United States*, 141 S. Ct. 1817 (2021).  Miller brings this § 2241 petition in light of those cases.

**II.     Analysis**

Miller argues that the Court should overturn his sentence because he should not have been a career offender and should be resentenced without the career offender finding.  To be a career offender under U.S.S.G. § 4B1.1(a) (Supp. 2014), the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  A "crime of violence" and a "controlled substance offense" are defined in U.S.S.G. § 4B1.2(a) and (b) (Supp. 2014), respectively.  The trial court found that the defendant's two prior state convictions qualified as a controlled substance offense and as a crime of violence, respectively.  As noted above, this meant the defendant was subject to an advisory guideline range of 210 to 240 months in prison.  Had he not been a career offender,

presumably he would have been subject to a lower advisory guideline range.[2]

Miller takes the position that his sentence must be vacated in light of two post-*Mathis* cases applying the categorical approach to statutory sentence enhancements: *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021) (finding Illinois conviction for possession with intent to deliver cocaine was not predicate "felony drug offense" to support an enhanced statutory sentencing range under 21 U.S.C. §§ 841(b) and 851), and *Borden v. United States*, 141 S. Ct. 1817 (2021) (holding that under the categorical approach an offense that can be committed recklessly cannot qualify as a violent felony under the ACCA). Miller argues that the predicate convictions supporting his career offender status are not "controlled substance offenses" or "crimes of violence" for career offender purposes under these cases. The categorical approach as explained in *Mathis* provides the rationale underlying both *Ruth* and *Borden*. For the following reasons, the Court finds § 2241 is not available to Miller to raise that argument.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion "is inadequate or ineffective to test the legality of his detention." A § 2255 motion is "inadequate or ineffective" to raise a challenge if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). This occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies

---

[2] The Court does not have access to Miller's Presentence Investigation Report at this time.

retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019).

*Mathis*, *Ruth*, and *Borden* are cases involving statutory interpretation, but Miller could have raised the categorical approach in his § 2255 motion. Indeed, Miller filed his § 2255 the year after *Mathis* was decided, and he did raise in his § 2255 motion whether his two prior convictions could support career offender status. He even expressly cited *Mathis* with respect to whether his vehicular hijacking conviction was a crime of violence. He clearly could have raised a *Mathis* categorical approach argument—like the successful arguments in *Ruth* and *Borden*—in his § 2255 motion with respect to both prior convictions, and he could have raised on appeal the district court's failure to expressly address those arguments in deciding the § 2255 motion. Because Miller had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d at 609, he cannot now seek relief under § 2241 on that basis.

Additionally and most importantly, any error in finding Miller a career offender was not grave enough to be deemed a miscarriage of justice, the third *Davenport* factor. Under the post-*Booker* advisory sentencing guidelines, there is no miscarriage of justice by an erroneous career offender finding as long as the sentence imposed is within the statutory sentencing range. *Hanson v. United States*, 941 F.3d 874, 878 (7th Cir. 2019) (citing *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014); *Hawkins v. United States*, 706 F.3d 820, 824-25 (7th Cir. 2013)); *Mangine v. Withers*, 39 F.4th 443, 448 (7th Cir. 2022) (noting "a misclassification as a career offender does not constitute a miscarriage of justice for purposes of *Davenport* under an advisory Guidelines system"), *petition for cert. filed*, 91 U.S.L.W. 3197 (U.S. Feb. 3, 2023) (No. 22-738); *Baker v. Williams*, No. 20-cv-772-NJR, 2020 WL 6701143, at *3 (S.D. Ill. Nov. 12, 2020) ("an erroneous application of the advisory guidelines does not amount to a 'miscarriage of justice' (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit"), *aff'd sum nom Baker v. Werlich*, No. 18-1172, 2021

WL 9439979 (7th Cir. Dec. 20, 2021); *compare Chazen*, 938 F.3d at 856 (noting error is a miscarriage of justice cognizable in § 2241 where prior conviction erroneously established statutory minimum sentence of 15 years under the ACCA). Thus, while *Mathis*, *Ruth*, or *Borden* may provide a basis for § 2241 *habeas* relief for a sentence under the ACCA (*Mathis*, *Chazen*), under another statutory sentence enhancement (*Ruth*), or under mandatory sentencing guidelines (*Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011)), it does not provide a basis for relief for an advisory guideline sentence within the statutory range. *Hanson*, 941 F.3d at 878.

Miller's sentence was 225 months, below the 240-month statutory maximum sentence available. Thus the errors he alleges in his § 2241 motion do not amount to a fundamental miscarriage of justice for which *habeas* relief is available under § 2241. Any difference between the career offender-based advisory guideline range and the alternative guideline range without career offender status is of no import because the Court could still have relied on the prior convictions in exercising its discretion anywhere within the statutory sentencing range.

### III.  Conclusion

For the foregoing reasons, the Court:

- **GRANTS** Miller's motion to file an oversized brief (Doc. 1-1);

- **DISMISSES with prejudice** Miller's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Court further finds that Miller was able to competently represent himself in his petition and that the presence of counsel would not have had a reasonable chance of changing the result of the case.

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A

Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.  Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
**DATED:  June 5, 2023**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**